## DISTRICT OF COLUMBIA v. GANT.

### STATUTES; FALSE WEIGHTS AND MEASURES.

This court cannot amend a statute, but can only interpret it; so that where an act of Congress makes it a penal offense to sell provisions or produce for a weight *less* than the true weight, a prosecution there-

under of a dealer who sells chickens for 8 pounds, weighing only 6 pounds, cannot be sustained. (Construing sec. 10, act of Congress of June 20, 1906, amending act of Congress of March 2, 1895.)

No. 1713.   Submitted October 3, 1906.   Decided October 23, 1906.

In Error to the Police Court of the District of Columbia.
                                                    *Affirmed.*
The facts are sufficiently stated in the opinion.

*Mr. E. H. Thomas,* Corporation Counsel, and *Mr. F. H. Stephens,* Assistant, for the plaintiff in error.

There was no appearance for the defendant in error.

Mr. Justice McComas delivered the opinion of the Court:

In the police court of this District, the information in this case charged that Horace L. Gant sold certain chickens for *less* weight than the true weight thereof; that he sold 6 pounds of chickens for 8 pounds, contrary to the act of Congress.   The facts are undisputed.   Gant sold to the witness Kepnick chickens which he said weighed 8 pounds, and she paid him for 8 pounds.   The sealer of weights and measures, to whom Kepnick carried the chickens, found their true weight to be 6 pounds. Thereupon the court below adjudged that the true weight of the chickens was 6 pounds, and that they were sold at 8 pounds, which was a greater weight than the true weight thereof; and therefore the defendant in error had not violated the act of Congress. · We must affirm this ruling.

By the act of June 20, 1906, section 10 of "An Act to Provide for the Appointment of a Sealer and Assistant Sealer of Weights and Measures in the District of Columbia, and for. Other Purposes," approved March 2, 1895 [28 Stat. at L. 812, chap. 179], was amended so as to read "No person shall sell, or offer for sale, anywhere in the District of Columbia, any provisions, or produce, or commodities of any kind for a weight or measure, *less* than the true weight or measure thereof, etc."

The facts proved did not constitute an indictable offense under the common law. In such a case the injured person had a civil remedy because an act such as is here charged was only an inconvenience and injury to a private person, arising from that private person's own negligence in not first ascertaining the true weight. If a man used false weights or measures, and sold by them, in the general course of his dealing, his offense was such a one as affects the public, and was indictable, for these were deceptions that common care and prudence are not sufficient to guard against; but a mere private imposition or deceit, such as the one proved in this case, like the selling of an unsound horse for a sound one, was not indictable at the common law. In such cases the buyer should be more upon his guard. See *Rex* v. *Wheatley,* 2 Burr. 1127.

Now, Congress sought to punish such impositions or deceits. By the 10th section of the act of March 2, 1895 (28 Stat. at L. 812, chap. 179), Congress provided that no person shall sell, or offer for sale, anywhere in this District, any fruits, vegetables, or berries, or any butter in prints, or any ice or coal, at or for a greater weight or measure than the true weight or measure thereof; and it then provided that all ice, coal, meats, poultry, and provisions sold in the markets or elsewhere in this District should be weighed or measured by scales or in measures duly tested and stamped. The section prohibited the sale of enumerated things for a greater weight or measure than the true weight or measure thereof, and then provided that all meats, poultry, and provisions (excepting vegetables) should be weighed or measured by prescribed weights or measures, and that poultry, when the purchaser requested, should be weighed in the manner provided. The difficulties met in enforcing this section arose from its terms. The sale of certain things for a weight or measure greater than the true weight or measure was prohibited, while meat, poultry, and certain other things sold were merely required to be weighed or measured; and it is doubtful whether the things enumerated in the second clause were subjected to the prohibition in the first clause.

We have examined the history of this amendatory act of June

20, 1906. As the bill passed the House of Representatives, it amended section 10 so as to read: "No person shall sell, or offer for sale, anywhere in the District of Columbia, any provisions, or produce, or commodities of any kind for a greater weight or measure than the true weight or measure thereof;" and the rest of the section cured other defects of section 10 of the act of March 2, 1895. The Senate, however, amended the House bill by striking out the word "greater" before "weight or measure" and inserting the word "less" after the words "weight or measure." In this form the law was enacted, and therefore when Gant, the defendant in error, sold chickens which weighed 6 pounds for 8 pounds, he did not sell them for a weight *less* than the true weight.

Counsel for the District of Columbia have urged that Congress intended to impose criminal punishment for such a deceit as was proved against this defendant. This court has no power to amend the statute, and can only interpret it. It would seem Congress intended to protect purchasers by prohibiting dishonest venders from selling provisions, produce, or commodities for a weight or measure greater than the actual or true weight or measure thereof; but the statute does not say so.

The judgment below must be *affirmed, and it is so ordered.*